# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ESTATE OF ANGEL RAMIREZ, et al.,

               Plaintiffs,

   v.

KERN VALLEY STATE PRISON, et al.,

               Defendants.

_____/

CASE NO. 1:12-cv-00453-AWI-SKO

**ORDER THAT PLAINTIFFS FILE A PROPOSED AMENDED COMPLAINT IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

(Doc. No. 25)

## I.   INTRODUCTION

On December 26, 2012, Plaintiffs filed a motion to amend the complaint to identify Doe defendants.  (Doc. 25.)  Plaintiffs assert that, as a result of Defendants Kern Valley State Prison, Kelly Harrington, and the State of California's (collectively "Defendants") initial disclosures, Plaintiffs have learned the true identities of the Doe defendants and request that the Court grant Plaintiffs leave to amend their complaint to identify and join these Doe defendants.  No opposition to the motion was filed.  For the reasons set forth below, Plaintiffs shall file a proposed amended

complaint in support of their motion to amend the complaint.

## II.    DISCUSSION

**A.    Legal Standard**

After the time has passed for a party to amend its pleading as a matter of course, Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Ninth Circuit has held that it is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Absent prejudice, or a strong showing of any of the remaining *Foman* factors, a presumption in favor of granting leave to amend exists under Rule 15(a). *Id.*  Further, undue delay alone is insufficient to justify denial of a motion to amend.  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  Finally, "[a]mendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991); *contra DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("[L]iberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties.").

The U.S. District Court for the Eastern District of California's Local Rules provide the following procedural requirement when a party is seeking court approval for filing an amended complaint:

> If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers . . . .

Local Rule 137(c).

**B.     Analysis**

Plaintiffs' motion for leave to identify eight Doe defendants and to amend their complaint is insufficient.   While the motion identifies eight defendants who were previously pled as Doe defendants, Plaintiffs have failed to file a proposed amended complaint for consideration.   Beyond this procedural deficiency, the claims against the Doe defendants in the complaint lump all the Doe defendants together as Does 1-30 for each claim.   Given the identity of the Doe defendants Plaintiffs present in their motion, it appears that not all of the claims originally pled in the complaint will be applicable against each of the eight newly-identified defendants.   For example, it is very difficult to understand how Doe 1, now identified by Plaintiffs as Kevin Flores, an inmate at Corcoran State Prison, would be liable under Section 1983 for failure to properly train and supervise (*see* Doc. 1, Cmplt. ¶¶ 61-72), even though the complaint states that this claim is against all defendants including Does 1 through 30.   It appears that Plaintiffs may also be seeking to amend the complaint to state additional causes of action against these newly identified Does.   In any event, the filing of a proposed amended complaint is not only procedurally required, but it is necessary to assess the scope of the amendments proposed.  *Bautista v. L.A. Cnty.*, 216 F.3d 837, 840-41 (9th Cir. 2000) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." (quoting *Anderson v. Dist. Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996))).   If Plaintiffs wish to amend the complaint to identify these eight Does, they must **<u>replead</u>** the complaint **providing substantive allegations** against each Doe defendant whose identity has been newly discovered.

Further, while Defendants did not file any opposition to the motion to amend, they also failed to submit any statement of non-opposition.   It appears that Defendants currently have no objection to Plaintiffs' proposed amendment; although, without the benefit of a proposed amended complaint, Defendants probably have had insufficient information to assess whether they are amenable to Plaintiffs' proposed amendment.   Given these circumstances, once Plaintiffs have filed a proposed amended complaint for Defendants and the Court to consider in support of the motion to amend, the parties SHALL meet and confer to determine whether an agreement to stipulate to the filing of an

amended complaint can be reached.  If there is no agreement to stipulate to the proposed amended complaint, the Court expects Defendants to file an opposition to the motion to amend.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.   **On or before January 23, 2013,** Plaintiffs shall file a **proposed** amended complaint in support of their motion to amend;

2.   **On or before January 30, 2013,** the parties SHALL meet and confer regarding Plaintiffs' proposed amended complaint;

3.   If the parties are willing to stipulate to Plaintiffs' proposed amended complaint, such a stipulation should be filed on or before **February 6, 2013;**

4.   If the parties cannot reach agreement to stipulate to the filing of the proposed amended complaint, any opposition to the motion to amend shall be filed **on or before February 6, 2013**;

5.   The hearing currently set for January 23, 2013, is CONTINUED to **February 20, 2013, at 9:30 a.m. in Courtroom 7**; and

6.   Plaintiffs' failure to file a proposed amended complaint on or before January 23, 2013, will result in denial of the motion to amend.

IT IS SO ORDERED.

**Dated:   January 14, 2013**                           /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE